UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**LORIE L. HOLLIS**
    **Plaintiff,**
vs.                                      **CASE NO.: 6:19-cv-01070**

**STEVEN PETRY,** individually,
**PATRICK A. DURSO**, individually,
and
**BOATMAT CORPORATION**
a Florida Profit Corporation,
    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LORIE L. HOLLIS, by and through her undersigned counsel, sues Defendants, STEVEN PETRY, PATRICK A. DURSO, and BOATMAT CORPORATION (hereinafter "Defendants"), and alleges as follows:

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. The unlawful employment practices alleged were committed within Brevard County, Florida.

3. Plaintiff is and has been a resident of Brevard County, Florida, at all times material herein.

4. Defendant, STEVEN PETRY is and has been a resident of Brevard County, Florida, at all times material herein.

5. Defendant, PATRICK A. DURSO is and has been a resident of Brevard County, Florid, at all times material herein.

6. Defendant, BOATMAT CORPORATION is a company organized and existing under the laws of the State of Florida with its principal place of business located in Brevard County Florida.

7. Plaintiff was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

8. Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d).

9. This action arises under FLSA, 29 U.S.C. § 206(a)(1). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

10. At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 206(a).

11. At all times material hereto Defendant, BOATMAT CORPORTION was engaged in interstate commerce per 29 U.S.C. §203(s) because it had employees who handled goods, materials and supplies which moved in interstate commerce.

12. At all times material hereto, Defendant, BOATMAT CORPORATION had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

13. At all times, relevant Defendant, BOATMAT CORPORATION operated as a retail and wholesale provider in the marine industry of soft sewn goods with its principle place of business at 1420 Cyprus Avenue, Melbourne, FL 32935.

14. At all times relevant to this action Defendant, STEVEN PETRY was the General Manager of BOATMAT CORPORATION and who regularly exercised the authority to: (a) hire and fire employees of BOATMAT CORPORATION; (b) determine the work schedules for the employees of and (c) control the finances and operations of. By virtue of having regularly exercised that authority on behalf of BOATMAT CORPORATION; STEVEN PETRY is/was an employer as defined by 29 U.S.C. §201, et seq.

15. At all times relevant to this action Defendant, PATRICK A. DURSO, was the owner and President of BOATMAT CORPORATION and who regularly exercised the authority to: (a) hire

and fire employees of BOATMAT CORPORATION; (b) determine the work schedules for the employees of and (c) control the finances of BOATMAT CORPORATION, and by virtue of this was an employer as defined by 29 U.S.C. §201 et seq.

16. Plaintiff does not possess the complete records relating to her work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

17. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

18. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent her interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

### COUNT I: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this Complaint as set forth in full herein.

20. Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiffs at a rate not less than $11 an hour.

21. At all time material hereto, Plaintiff was employed by Defendants as a sewing machine operator.

22. Plaintiff started working for Defendants on or about April 8, 2019.

23. On or about April 15, 2019 Plaintiff's employment with defendants was terminated.

24. Plaintiff did not receive full payment for the hours worked during her last six (6) days of employment for the Defendants.

25.     Plaintiff is owed for approximately 32 hours which she worked for the Defendants, yet remains uncompensated for.

26.     Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during her employment with Defendants.

27.     Defendants are not exempt from the minimum wage provision of the FLSA.  Paying Plaintiff less than minimum wage is a violation of the Fair Labor Standards Act.

28.     Defendants' actions were intentional, reckless or malicious.

29.     Defendants' actions were not done in good faith.

30.     As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff have been damaged.

31.     Specifically, Defendants are liable to the Plaintiff for liquidated damages, and attorney fees and costs in conjunction with this action

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which she may be entitled, including, but not limited to:

   A.    Unpaid minimum wages found to be due and owing;

   B.    An additional and equal amount of liquidated damages;

   C.    An award of reasonable attorney's fees and all costs incurred herein; and

   D.    All other damages to which Plaintiffs may be entitled

### COUNT II: BREACH OF CONTRACT - UNPAID WAGE

32.     Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this Complaint as set forth in full herein.

33.     This is an action for unpaid wages owed to the Plaintiff and attorneys fees and costs are awardable pursuant to Florida Statue 448.08.

34. At all time material hereto, Plaintiff was employed by Defendants as a sewing machine operator.

35. In or about April 2019, Plaintiff and Defendants entered into an oral employment agreement wherein Plaintiff would provide services as a sewing machine operator for the benefit of Defendants to which Defendants would compensate Plaintiff.

36. On or about April 15, 2019 Plaintiff's employment with the Defendants was terminated.

37. Defendants agreed to pay the Plaintiff at a rate of $11.00 per hour.

38. Plaintiff is owed for approximately 32 hours which she worked for the Defendants, yet remains uncompensated for.

39. Plaintiff fully complied with the terms of the parties' agreement by performing her job duties in a professionally competent manner.

40. Defendants breached the agreement by failing to pay Plaintiff her wages owed for her last six (6) days of employment.

41. Plaintiff was damaged as a result of wages being withheld by Defendants.

42. Defendants' actions were willful and not in good faith.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which they may be entitled, including, but not limited to:

   A. Judgment for the back pay found to be due and owing to the Plaintiff;

   B. Award of reasonable attorneys fees, cost and interest incurred herein; and

   C. Such other relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 10th day of June 2019.

                                          **ARCADIER, BIGGIE & WOOD, PLLC.**

                                          */s/Ethan B. Babb, Esquire*
                                          Maurice Arcadier, Esquire
                                          Florida Bar No.: 0131180
                                          Joseph C. Wood, Esquire
                                          Florida Bar No.: 0093839
                                          Stephen Biggie, Esquire
                                          Florida Bar No.: 0084035
                                          Ethan B. Babb, Esquire
                                          Florida Bar No.: 127488
                                          Attorneys for Plaintiff
                                          2815 W. New Haven, Suite 304
                                          Melbourne, Florida 32904
                                          Primary Email: office@wamalaw.com
                                          Secondary Email: babb@wamalaw.com
                                          Phone: (321) 953-5998
                                          Fax: (321) 953-6075